J. Scott Koksal #20914
LINDNER MARQUEZ & KOKSAL
505 North 6th Street
Garden City, Kansas 67846
(620) 275-9193
(620) 276-9454 facsimile
email: **scott@lmandk.com**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF KANSAS
### WICHITA DIVISION

| | | |
|---|---|---|
| **JAYDEN JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.  6:20-cv-01192 |
| v. | ) | |
| | ) | |
| **ABRAHAM PETERS** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ANSWER

Comes now the Defendant, Abraham Peters, and for answer to Plaintiff's Complaint do state, allege, admit, deny and aver as follows:

1. Defendant denies each and every allegation of Plaintiff's Complaint except those specifically admitted herein.

2. Defendant denies the allegations of subject matter diversity jurisdiction under 28 U.S.C. § 1332.  It is not facially apparent from the complaint that the amount in controversy exceeds $75,000.00.  The Plaintiff alleges the contract amount was $58,000.00, for instance, and gives no evidence of amount of "substantial damages making repairs" claimed, or what value was given for trading the Truck off.  In cases where it is not "facially apparent" that the amount in controversy exceeds

$75,000.00, the defendant has the burden to submit evidence that the amount in controversy is satisfied. *Williams v. Best Buy co., 269 F.3d 1316, 1321 (11th Cir. 2001).*

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 1 and 6 of Plaintiff's complaint and therefore must respectfully deny the same and ask that Plaintiff be put on strict proof thereof.

4. Defendant denies the allegations contained in paragraphs 3 and 4 of the complaint. Clearly the advertisement was posted by a Billy Peters, not defendant, and most of the communications alleged between Defendant and Plaintiff did not occur.

5. Defendant denies the allegations contained in paragraphs 5, 7, 9 and 10 of the complaint.

6. Defendant should have his costs and fees incurred herein.

7. Affirmatively the Defendant further pleads;

    a. waiver;

    b. estoppel;

    c. complete performance;

    d. failure to mitigate;

    e. unjust enrichment;

    f. The complaint fails to state a claim upon which relief can be granted;

    g. The Defendant reserves the right to assert any and all other affirmative defenses upon reasonable discovery thereof.

WHEREFORE, Defendant prays that Plaintiff take naught by its complaint and its purported cause of action, for his costs and attorney fees herein, and for such other and further relief as the court may deem just and equitable in the premises.

     */s/ J. Scott Koksal*
**J. SCOTT KOKSAL**
Supreme Court No. 20914
LINDNER, MARQUEZ & KOKSAL
505 N. 6th Street
Garden City, Kansas 67846
620-275-9193
Fax 620-276-9454

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 25th day of August, 2020, he did cause a true and correct copy of the above and foregoing Answer to be served upon adverse counsel by filing the original through the federal filing system.

     */s/ J. Scott Koksal*
**J. SCOTT KOKSAL**