IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAYDEN JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>ABRAHAM PETERS,<br><br>        Defendant. | Case No.  CIV-20-1192 |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT,
TO HOLD THIRD-PARTY BILLY PETERS IN CONTEMPT FOR FAILURE TO
RESPOND TO SUBPOENA AND TO DEEM PLAINTIFF'S REQUESTS FOR
ADMISSION SERVED ON DEFENDANT ADMITTED
<u>AND SUPPORTING BRIEF</u>**

Plaintiff, Jayden Johnson, moves the Court (i) under Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling Defendant, Abraham Peters, to fully respond to interrogatories served on Defendant and produce all documents within Defendant's possession, custody and control that are responsive to document requests served on Defendant, (ii) under Rule 45(g) of the Federal Rules of Civil Procedure for an order holding third-party Billy Peters in contempt for failing to respond to a subpoena, and (iii) under Rule 36(a) of the Federal Rules of Civil Procedure for an order that Plaintiff's requests for admission served on Defendant be deemed admitted.

In support of his motion, Plaintiff submits the following:

1.      This case involves Defendant's sale of a 2007 Peterbilt 379 truck (the "Truck") to Plaintiff in March 2020.

2.      Records obtained on the internet show that Defendant operates several businesses in southwest Kansas – Peters Concrete LLC (www.<u>https://petersconcretellc.com/</u>), Liberal Concrete LLC (<u>www.https://www.facebook.com/pages/category/Concrete-Contractor/Liberal-</u>

Concrete-LLC-124557082340685/), Kansas Mixer Manufacturing LLC (https://www.facebook.com/Kansas-Mixer-Manufacturing-LLC-340714593175129/), and Peters Trucking (https://truckingdatabase.com/companies/dot/810698).

3. At least three (3) of these businesses, Peters Concrete LLC, Liberal Concrete LLC, and Kansas Mixer Manufacturing LLC, are operated with Defendant's son, Billy Peters.

4. The website for Peters Concrete LLC lists contact information for Billy Peters (620) 510-2323 and Abe Peters (620) 640 0320. *See* www.https://petersconcretellc.com/.

5. A December 8 post on the Kansas Mixer Manufacturing LLC Facebook page offers a truck for sale and advises interested buyers to contact Billy or Abe "2014 Kenworth T-370 with a Harsh 575 super duty! Feed bed is in excellent shape with a new discharge and discharge augers! Mounted on a super clean Kenworth with all new drive lines and pto takeoff. Allison automatic and Cummins motor! Ready to go and feed with this slick truck! Call or text for more info. Abe Peters 620-640-0320 or Billy Peters 620-510-2324. $115,000." *See* https://www.facebook.com/Kansas-Mixer-Manufacturing-LLC-340714593175129/. A Sept. 1 post on Liberal Concrete LLC's Facebook page solicits calls to Abraham's and Billy's numbers. *See* https://www.facebook.com/pages/category/Concrete-Contractor/Liberal-Concrete-LLC-124557082340685/

6. Given this background, it is not surprising that Defendant, through his son's personal Facebook account advertised the Truck for sale and represented that it had a "completely rebuilt motor." Notably, the advertisement list's Abraham Peter's phone number as the number to contact.

2



7.      Plaintiff responded to the advertisement and talked directly with Defendant, Abraham Peters, about the Truck.  Eventually, Plaintiff purchased the Truck based on the representations and assurances that Defendant made to Plaintiff regarding the Truck.

8.      Plaintiff also exchanged texts with Defendant, Abraham Peters about the Truck. For example:



9.      Plaintiff filed this lawsuit against Defendant asserting claims for breach of contract/warranty and fraud with regard to the sale of the Truck.

10.     This Court entered its Scheduling Order on October 28, 2020, which required that the parties voluntarily produce documents within their possession or control regarding the basic issues in this case.  Surprisingly, Defendant took the position that he had no documents regarding

3

the transaction. In a November 16, 2020 email, Defendant's counsel advised that Defendant had no documents to produce (Defendant's counsel's comments are in red):

- Correspondence between the parties. None. Most, if not all, of the correspondence was made between your client and Billy Peters, my client's son.
- Social media posts, advertisements, offers of sale regarding the Truck  Already provided or included in the Plaintiff's filing.
- Documents regarding Defendant's purchase of the Truck  None to produce
- Defendant's file on the Truck (including any inspections, work or repairs on the Truck during Defendant's ownership)  None to produce
- Documents regarding Defendant's sale of the Truck  None to produce

11. Plaintiff chose a new tact in his attempt to gain information from Defendant. On November 18, 2020, Plaintiff served specific written discovery requests on Defendant's counsel. *See* **Ex. A**, Plaintiff's Written Discovery to Defendant. Plaintiff's interrogatories sought basic information from Defendant such as (i) from whom Defendant purchased the Truck (interrogatory no. 1), (ii) identification of Defendant's and Billy Peter's phone numbers and email addresses (interrogatories nos. 2-4), (iii) work and repairs done on the Truck (interrogatory no. 6), and (iv) Defendant's profit from his sale of the Truck (interrogatory no. 10).

12. Plaintiff's document requests sought specific information about (i) the Truck at issue in this case (request nos. 1-4), (ii) communications regarding the Truck (request nos. 5-7) and (iii) Defendant's tax information which is particularly relevant to Plaintiff's fraud claim under Kansas law (request no. 8).

13. Plaintiff also served requests for admission on Defendant targeted toward narrowing the issues in the case. *See* Ex. A, pgs. 6-7.

14. On November 19, 2020, Plaintiff also served a Subpoena on Defendant's son, Billy Peters (the "Subpoena"). *See* **Ex. B**, Subpoena to Billy Peters. The Subpoena was served by certified mail, restricted delivery. *Id.*

4

15.     Defendant's responses to Plaintiff's written discovery were due on or before December 21, 2020. To date, Plaintiff has received no responses or documents from Defendant. Indeed, Defendant has not produced a single document in this case.

16.     Documents responsive to the subpoena served on Billy Peters were due on December 4, 2020. To date, Plaintiff has received no documents from Billy Peters in response to the Subpoena.

17.     Defendant's counsel has provided inconsistent explanations regarding Defendant's entire lack of cooperation in discovery. Counsel has claimed that Defendant is an uneducated, unsophisticated Mennonite who does not text or email. However, as demonstrated above, Plaintiff has received texts from Defendant's cell number (the same number that Plaintiff talked to Defendant on and the same number listed for Defendant for his various businesses). In addition, Defendant's advertisements expressly solicit potential customers to "call **or text**."

18.     If Defendant is sophisticated enough to operate four (4) businesses and advertise and sell his services and numerous trucks, he is certainly sophisticated enough to gather and produce documents regarding his purchase and resale of the Truck, identify who he bought the Truck from, explain what he did to prepare the Truck for sale, gather and produce all of his communications regarding the Truck.

19.     While Defendant may indeed be unsophisticated regarding texts and emails, he does not demonstrate that lack of sophistication in the marketing of his businesses and services. To the extent Defendant utilizes his son, Billy, and others to help him market and sell his vehicles, including the Truck, Defendant has an obligation to seek out and utilize those same people to cooperate in discovery, respond to discovery and produce responsive documents. The

test is not to produce what Defendant can gather, it is to produce what Defendant has possession, custody and control over.

20. While Defendant's counsel has recently claimed that he lacks any ability to obtain information and documents from Billy Peters, prior to any discovery issues, Defendant's counsel represented in Defendant's initial disclosures that Billy Peters was associated with Defendant and that all communications to Billy Peters should be directed through him. *See* **Ex. C**, Defendant's Initial Disclosures.

21. Plaintiff's counsel has consistently and systematically, through calls and emails, urged Defendant's counsel to obtain information and documents from Defendant. Earlier this month, it appeared that Defendant's counsel was making progress. On December 4, 2020, Defendant's counsel emailed Plaintiff's counsel advising that "My guy promises the documents, but says they are mostly with his son, Billy. I will keep on him. I know you can't wait forever, but a little more time would be appreciated."

22. By December 28, 2020, with deadlines looming, it became obvious that Defendant intended to continue to stonewall. Plaintiff's counsel emailed Defendant's counsel and requested a follow up call to discuss Defendant's failure to cooperate in discovery. On December 29, 2020, Defendant's counsel advised that no discovery would be forthcoming, that his client had no documents to produce, and that any responsive documents would need to come from his son, but that he didn't represent the son.

**Argument and Authorities**

The scope of discovery is broad, and parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).

**A. The Court Should Compel Defendant to Answer and Respond to Plaintiff's Interrogatories and Document Requests and Produce all Responsive Documents**

With regard to interrogatories, Fed. R. Civ. P. 33(b)(1)(B)(2) provides that a party "must serve its answers and any objections within 30 days after being served with . . . interrogatories." Pursuant to Fed. R. Civ. P. 33(b)(1)(B)(4), "[a]ny ground not stated in a *timely* objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." (emphasis added).

Likewise, Fed. R. Civ. P. 34(b)(2)(A) states that a "party to whom [a] request [for production] is directed must respond in writing within 30 days after being served." When a party does not *timely* respond to a request for the production of documents, the party is deemed to have waived all objections to providing the requested documents, and any and all responsive documents must be produced. *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005)(holding that it is "well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived.").

Fed. R. Civ. P 37(a)(3)(B) provides that "a party seeking discovery may move for an order compelling an answer, designation, production or inspection." In particular, a motion to compel is appropriate where a party fails to answer an interrogatory submitted under Rule 33 or a party fails to produce documents as requested under Rule 34. *Id.*

In this case, Defendant has failed and refused to respond, in any way, to Plaintiff's discovery requests and has wholly refused to cooperate in discovery in this case. Defendant has not produced a single document in this case – defying not only Plaintiff's written discovery requests, but also the parties agreement for production of documents (without the need for formal requests for production) in this Court's Scheduling Order [Doc. 16]. It appears that the only alternative is for this Court to compel Defendant to produce all documents that are in his

possession, custody and control and require that Defendant's counsel take a more proactive role in insuring that his client complies with his discovery obligations.

Claiming that Defendant cannot produce his own text messages, emails, purchase documents or advertisements regarding the Truck because his son Billy Peters has them is disingenuous. Defendant must produce all documents within his "control." A party has "control" over a document that is not otherwise in his possession or custody when the party has a legal right to obtain them from a third-party. *See Kickapoo Tribe of Indians v. Nemaha Brown Watershed Joint Dist. No. 7*, 294 F.R.D. 610, 613 (D. Kan. 2013) (holding that "[d]ocuments are deemed to be within the possession, custody or control under Rule 34 if the party has actual possession, custody or control or has the legal right to obtain the documents on demand.")

Here, if Defendant had enough control over his son Billy Peters for him to advertise the Truck for sale on his personal Facebook page he certainly has the legal right to obtain documents regarding the Truck that are in the possession of his son. In addition, Defendant's initial disclosures clearly articulate Defendant's actual authority over Billy Peters. The disclosures list persons "associated with Defendant" and advise that Billy Peters must be contacted through Defendant's counsel! *See* **Ex. C**, Defendant's Initial Disclosures.

### B. The Court Should Compel Billy Peters to Produce Documents Responsive to Plaintiff's Subpoena

In an attempt to avoid a dispute over Defendant's control over Billy Peters, Plaintiff served the Subpoena on Billy Peters. The subpoena was sent certified mail, restricted delivery to Billy Peters and notice was also sent to Defendant's counsel who advised in Defendant's initial disclosures that Billy Peters should be contacted through him. However, Billy Peters has wholly failed and refused to respond to the Subpoena or produce any responsive documents.

Fed. R. Civ. P 45(e) provides that a person served with a subpoena must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. Rule 45(g) provides that the court for the district where compliance is required may hold a in contempt a person served with a subpoena who fails to obey the subpoena.

In their December 29, 2020 meet and confer, Defendant's counsel claimed he didn't represent Billy Peters but that if Plaintiff sued him perhaps he would be hired and then could help get the documents. It is obvious that without this Court's assistance, neither Defendant nor his son, Billy Peters, will cooperate in any way with discovery in this case.

### C. Plaintiff's Requests for Admission Served on Defendant Should be Deemed Admitted.

On November 18, 2020, Defendant emailed and mailed written discovery to Defendant's counsel which included 13 requests for admission. *See* Ex. A, Plaintiff's Requests for Admission (pgs. 6-7) and certificate of mailing (pg. 8). Pursuant to Fed. R. Civ. P. 36(a) responses to the Requests for Admission were due within thirty days after service of the requests. To date, Defendant has failed to respond to the Requests for Admission. Rule 36(a) provides that the matter addressed in a request for admission "*is admitted* unless, within 30 days after service of the request … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." (emphasis added).

Defendant's failure to cooperate in discovery should not be rewarded by simply allowing delayed responses. Defendant's conduct has been systematically unreasonable. Applying the sanctions required by Rule 36 by deeming the requests for admission admitted is appropriate under the circumstances of this case.

### D.     Defendant Should Be Required to Pay Plaintiff's Expenses

Fed. R. Civ. P. 37(a)(5)(A) states that if a motion to compel "is granted . . . the Court *must* . . . require the party or . . . whose conduct necessitated the motion, the party or attorney

9

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added).  Accordingly, the Court should award Plaintiff his expenses, including attorneys fees, incurred in preparing and presenting this Motion.  The amount of such expenses should be determined after the Court rules on this Motion.

## D. Kan. Rule 37.2 Certification

The undersigned counsel, Jeff Todd, conferred with Defendant's counsel, J. Scott Koksal, on Tuesday, December 29, 2020 in a good-faith effort to resolve this dispute without the Court's intervention.  As Plaintiff's counsel's office is located in Oklahoma City and Defendant's counsel's office is located in Garden City, Kansas, the conference was held by telephone.  As reflected herein, the parties were unable to reach an agreement despite Plaintiff's counsel's repeated requests that Defendant cooperate in the discovery process of this case.

## V.  Conclusion

In light of the foregoing, Plaintiff requests the Court enter an order that:

1. Compels Defendant to fully respond to Plaintiff's interrogatories and prohibit Defendant from asserting any objections, which have been waived;

2. Compel Defendant to fully respond to Plaintiff's requests for production of documents and prohibit Defendant from asserting any objections, which have been waived;

3. Compel Defendant to produce all responsive documents within Defendant's possession, custody or control and require Defendant's counsel to provide a detailed certification regarding the methods and efforts utilized by Defendant to identify, locate and obtain such responsive documents;

4. Hold third party, Billy Peters, in contempt for failure to respond to the Subpoena, or alternatively, order Billy Peters to show cause why he should not be held in contempt for failing to respond to the Subpoena;

5. Ordering that each of Plaintiff's thirteen (13) requests for admission served on Defendant be deemed admitted for all purposes in this case;

6. Award Plaintiff his expenses, including reasonable attorney's fees, incurred in bringing this Motion.

Respectfully submitted,

*/s/Steven E. Ward*
Steven E. Ward Kan. #17066
McAfee & Taft A Professional Corporation
4050 South Fairview Avenue
Springfield, Missouri 65807
Telephone: (417) 409-6090
Telecopier: (417) 409-6055
steve.ward@mcafeetaft.com

and

Jeff L. Todd, Esq. *Admitted Pro Hac Vice*
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma  73102
(405) 235-9621
(40) 235-0439 (fax)
jeff.todd@mcafeetaft.com

ATTORNEYS FOR PLAINTIFF

## Certificate of Service

  I hereby certify that on December 30, 2020, the attached document was transmitted via electronic mail and first class mail to:

>J. Scott Koksal
>Lindner & Marquez
>505 N. 6th
>Garden City, KS 67846
>(620) 275-9193
>scott@lmandk.com
>**Attorneys for Defendant**
>**And Contact for Billy Peters per**
>**Defendant's Initial Disclosures**

And by certified mail, restricted delivery to:

>Billy Peters
>PO Box 979
>Sublette, KS 67877

>/s/Stephen E. Ward