IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| JAYDEN JOHNSON,<br><br>   Plaintiff,<br>v.<br><br>ABRAHAM PETERS,<br><br>   Defendant. | Case No.  CIV-20-1192<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff, Jayden Johnson, ("Johnson") moves the Court for an Order granting partial summary judgment as to the liability of Defendant for breach of contract/warranty asserted against Defendant in Johnson's Complaint [Doc. No. 1].  Johnson seeks summary judgement only as to Defendant's liability for breach of contract/warranty, reserving the determination on (i) Plaintiff's fraud claim, (ii) the amount of damages incurred by Plaintiff, and (iii) punitive damages, for trial.  In support of his Motion, Johnson submits the following brief.

## BRIEF IN SUPPORT

### I.  INTRODUCTION.

In February 2020, Johnson contacted Defendant regarding the sale of a 2007 Peterbilt 379 truck (the "Truck") that Defendant advertised as having a "completely rebuilt motor." After Defendant made additional representations about the condition of the Truck and promised to furnish documentation in support thereof, Johnson agreed to purchase the Truck from the

Defendant. Shortly thereafter, it became apparent that Defendant had falsely misrepresented the condition of the Truck to Johnson in order to induce the sale. Johnson filed this lawsuit seeking relief for Defendant's breach of contract/warranty and fraudulent misrepresentations. After Defendant failed to respond to Johnson's Interrogatories and Requests for Production, this Court granted Johnson's Motion to Compel, in which the Court "deemed admitted" all of Johnson's Requests for Admissions. Given the following undisputed material facts, partial summary judgment is appropriate.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. In February 2020, Defendant advertised a 2007 Peterbilt 379 truck (the "Truck") for sale on his son's facebook page and represented that it had a "completely rebuilt motor."



(*See* Ex. A, Johnson Affidavit; Ex. B, Plaintiff's Request for Admission No. 5; Ex. C, Order on Motion to Compel and Show Cause Order Regarding Third-Party Subpoena [Doc. #23] at 2 "Further, the Requests for Admission served by Plaintiff on Defendant are **deemed admitted.**").

2.   Johnson saw Defendant's advertisement and contacted Defendant about the Truck. (*See* Ex. A, Johnson Affidavit).

3.   Johnson explained to Defendant that he was going to use the Truck for the commercial transportation of livestock across the United States. (*See* Ex. A, Johnson Affidavit; Ex. B, Plaintiff's Request for Admission No. 6; Ex. C, Order on Motion to Compel and Show Cause Order Regarding Third-Party Subpoena [Doc. #23] at 2 "Further, the Requests for Admission served by Plaintiff on Defendant are **deemed admitted.**").

4.   Defendant told Johnson that the Truck's engine had recently been rebuilt and had less than 150,000 miles on the rebuild. (*See* Ex. A, Johnson Affidavit; Ex. B, Plaintiff's Request for Admission Nos. 7 and 9; Ex. C, Order on Motion to Compel and Show Cause Order Regarding Third-Party Subpoena [Doc. #23] at 2 "Further, the Requests for Admission served by Plaintiff on Defendant are **deemed admitted.**").

5.   Johnson asked Defendant for the paperwork on the rebuild and Defendant promised Johnson that he would get him the receipts.  (*See* Ex. A, Johnson Affidavit; Ex. B, Plaintiff's Request for Admission Nos. 10-11; Ex. C, Order on Motion to Compel and Show Cause Order Regarding Third-Party Subpoena [Doc. #23] at 2 "Further, the Requests for Admission served by Plaintiff on Defendant are **deemed admitted.**").

6.   In reliance on Defendant's representations, assurances and promises regarding the nature and condition of the Truck, Johnson purchased the Truck from Defendant by wiring

Defendant $58,000 and receiving in exchange the title to the Truck. (*See* Ex. A, Johnson Affidavit).

7.     Contrary to Defendant's representations to Johnson, the engine in the Truck had not been rebuilt. (*See* Ex. B, Plaintiff's Request for Admission No. 8; Ex. C, Order on Motion to Compel and Show Cause Order Regarding Third-Party Subpoena [Doc. #23] at 2 "Further, the Requests for Admission served by Plaintiff on Defendant are **deemed admitted.**").

8.     Shortly after Johnson began operating the Truck, the Truck broke down and required substantial repairs. When these repairs were performed, Johnson discovered that the Truck's engine had not been rebuilt. (*See* Ex. A, Johnson Affidavit).

### III.   ARGUMENT & AUTHORITIES.

**A.   Summary Judgment Standard.**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c)(2). Although the facts are to be viewed in the light most favorable to the non-moving party, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the non-moving party fails to put forth any evidentiary material that creates a dispute of material fact, summary judgment should be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, (1986).

**B.   The Undisputed Facts Show that Defendant is Liable to Johnson for Breach of Contract/Warranty.**

The undisputed facts establish that Johnson is entitled to partial summary judgment against Defendant for liability on Johnson's claims for breach of contract/warranty. The elements of a breach of contract claim are: (1) the existence of a contract between the parties; (2)

sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach. *Commercial Credit Corp. v. Harris,* 212 Kan. 310, 313, 510 P.2d 1322, 1325 (1973); PIK Civ. 4th 124.01.  Under Kansas' version of the Uniform Commercial Code, the seller creates an express warranty in the following circumstances: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. K.S.A. § 84-2-313(1)(a), (b). The creation of an express warranty does not require that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty. K.S.A. § 84-2-313(2).  Nor does it matter "[t]he precise time when words of description or affirmation are made." K.S.A. § 84-2-313 cmt. 7.

Courts have found separate claims for breach of contract and breach of warranty to be redundant when the supporting allegations are identical. *See* e.g. *Lohmann & Rauscher, Inc. v. YKK (U.S.A.) Inc.*, 477 F. Supp. 2d 1147, 1153 (D. Kan. 2007) (Court granted summary judgment on breach of contract claim where allegations were identical to breach of warranty under the Uniform Commercial Code); *Suhr v. Aqua Haven, LLC,* 11-1165-EFM, 2013 WL 3778928, at *5 (D. Kan. July 18, 2013) ("Plaintiffs' breach of contract claims are duplicative of, and are therefore consumed by, Plaintiffs' breach of warranty claims under the Uniform Commercial Code."); *Robison Farms, Inc. v. ADM Alliance Nutrition, Inc.,* No. 05-4089-KGS, 2007 WL 2875132, at *17 (D. Kan. Sept. 29, 2007) (Court stated breach of contract claim was actually claim for breach of express warranty). Thus, establishing liability for breach of an

express warranty generally encompasses and requires the same allegations and determinations as a claim for breach of contract.

In *Adrian v. Elmer*, 178 Kan. 242, 243, 284 P.2d 599, 601 (1955), the Supreme Court of Kansas reviewed a similar claim for breach of warranty based upon false representations of a seller, where a bull was purchased for the "express and only purpose of covering registered cows and getting calves therefrom[]." The seller represented, promised, and warranted that the bull was a "sound, healthy bull, perfect in all parts" among other statements about the bull's ability to breed that eventually induced the buyer to purchase the bull. *Id.* at 243. Despite the seller's numerous assurances, the bull was found to be almost completely barren and valueless as to the purposes for which it was purchased. *Id*. The Court considered the general rule, whereby, "[a]ny direct and positive affirmation of a matter of fact, as distinguished from the mere matter of opinion or judgment, made by the seller during the negotiations and as a part of the contract, designed or intended by the seller to induce the purchaser to buy, and actually relied upon by the purchaser in making the purchase will be deemed to be a warranty." *Id.* at 245 (quoting *Eden v. Vloedman,* 202 Okla. 462, 463, 214 P.2d 930, 933. With this in mind, the Court found that the seller's representations as to the qualities and capabilities of the bull constituted an express warranty, and "amounted to more than mere statements of opinion." *Id*. at 246.

The same conclusion must be found in this case. Here, the undisputed facts establish that Defendant and Johnson entered into a contract for the sale and purchase of the Truck. As part of the basis for the bargain, Defendant made express representations and warranties concerning the description and condition of the Truck. (Undisputed Facts 1 and 4). Defendant knew Johnson intended to use the Truck for commercial transportation of livestock across the nation. (Undisputed Fact 4). Defendant's affirmative statements of fact about the completely rebuilt

engine, mileage, and existence of supporting documentation, induced Johnson to purchase the Truck. (Undisputed Facts 4, 5, and 6). Johnson wired $58,000 to the Defendant, and in return, Defendant delivered title to the Truck. (Undisputed Fact 6). Shortly thereafter, Johnson began operating the Truck only to discover that the Truck's engine had not been rebuilt as warranted. (Undisputed Fact 7). Because it is undisputed that the Truck did not conform to Defendant's express warranties, particularly with respect to the Truck's engine—which like the bull in *Adrian v. Elmer* could not perform as promised—Defendant breached the contract. As a result of Defendant's breach of express warranty, Johnson substantial damages making repairs to the Truck's engine. Accordingly, there are no material facts in dispute as to Defendant's liability for breach of contract/warranty, and summary judgment is appropriate.

## IV. CONCLUSION.

For the reasons set forth above, Johnson respectfully requests that the Court enter an Order granting partial summary judgment for Johnson against Defendant as to liability for breach of contract/warranty, leaving only the determination on (i) Plaintiff's fraud claim, (ii) the amount of damages incurred by Plaintiff, and (iii) punitive damages, for trial.

Respectfully submitted this 8th day of February, 2021.

> */s/Steven E. Ward*
> Steven E. Ward Kan. #17066
> McAfee & Taft A Professional Corporation
> 4050 South Fairview Avenue
> Springfield, Missouri 65807
> Telephone: (417) 409-6090
> Telecopier: (417) 409-6055
> steve.ward@mcafeetaft.com
>
> and

Jeff L. Todd, Esq. *Admitted Pro Hac Vice*
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma  73102
(405) 235-9621
(40) 235-0439 (fax)
jeff.todd@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, the attached document was transmitted via electronic mail to:

J. Scott Koksal
Lindner & Marquez
505 N. 6th
Garden City, KS 67846
(620) 275-9193
scott@lmandk.com
**Attorneys for Defendant**

/s/Stephen E. Ward