**Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAYDEN JOHNSON,

   Plaintiff,

v.

             Case No.  CIV-20-1192

ABRAHAM PETERS,

   Defendant.

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

  Plaintiff, Jayden Johnson, submits the following Requests for Admission, Interrogatories and Requests for Production (the "Discovery Requests") to Defendant, Abraham Peters in accordance with the Federal Rules of Civil Procedure.

### INSTRUCTIONS

  The following instructions apply to the Discovery Requests set forth below and are intended to be consistent with the Federal Rules of Civil Procedure:

  1. The following Discovery Requests not only call for the knowledge of Defendant and your representatives and attorneys, but also call for all knowledge that is available to Defendant by reasonable inquiry of your representatives and attorneys.

  2. The following interrogatories are to be answered in writing and under oath.  Also, the requested documents should be produced for inspection and copying on or before the 30th day from the receipt of the requests at the offices of McAfee & Taft A Professional Corporation, Tenth Floor, Two Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102, or at such other time and place as agreed upon by counsel.

3.    If you fail to identify any communication, provide any information, or produce any document inquired into by these Discovery Requests on the basis that the communication, information or document contains privileged information, you should state the following:

    (a)    If relating to an interrogatory, state:

        i.    the interrogatory in which such information was requested;

        ii.    the subject matter of the response requested, without revealing the information claimed as privileged; and

        iii.    the legal basis for the claimed privilege or specific authority that provides the grounds for failure to respond;

    (b)    If relating to a request for production, state:

        i.    the request for production in which such document was sought;

        ii.    the date of the withheld document;

        iii.    the title and type of the withheld document (e.g., letter, memorandum, report, etc.);

        iv.    the subject matter of the withheld document, without revealing the information claimed as privileged;

        v.    the author and all recipients of the withheld document; and

        vi.    the legal basis for the claimed privilege or specific authority that provides grounds for non-production.

4.    If you fail to provide any information sought by these Discovery Requests on the basis that the information or documents requested have been lost, destroyed, or are otherwise no longer available, you should identify the requested information to the best of your ability and state the circumstances surrounding its unavailability.

5.      These Discovery Requests are intended to require supplementation without further request and to ascertain continuing information obtained any time prior to trial which is acquired by you or your agents, employees, attorneys, or investigators and contained in records and documents in your or their custody or available to you or them.

6.      **Form of Production**.   Produce emails as text-searchable and Bates-labelled PDFs, along with an accompanying .pst file of such emails in their native format. All other static documents should be produced as text-searchable PDFs.   Spreadsheets, database files, and the like should be produced in their native format.

7.      Each Discovery Request is severable, and any objection to a request or part thereof does not relieve you of your responsibility to respond to the remaining requests or parts thereof.

## DEFINITIONS

1.      "Defendant," "Peters," "you," and "your" refers to Defendant Abraham Peters and his agents, representatives, and attorneys, where appropriate.

2.      "Plaintiff" or "Johnson" refers to Plaintiff, Jayden Johnson.

3.      "Truck" refers to the 2007 Peterbilt 379, VIN# 1XP5D49X57N735635 at issue in this lawsuit.

4.      "Identify," when used with reference to a corporation, a firm or other entity, means to state its full name, its form of business organization, its principal place of business, the office with which you had the particular dealing described or referred to in your answer to any particular interrogatory or subpart thereof, and to name and provide the address of the person or persons in such organization with whom you dealt in the transaction or transactions to which you refer.

5.      "Identify," when used with reference to a person, means to state his or her full name, title, last known address and phone number.

6.      "Identify," when used with regard to a document, means to give the type of document (e.g., letter, memorandum, telegram, report, etc.), date, addressee, file number and/or identifying symbol, and name and address of its custodian.

7.       "Document" means any written material, whether typed, handwritten, printed or otherwise, or any photographic, photostatic, microfilm or other reproduction thereof; any data stored electronically and capable of being retrieved by computer,  word processor, mobile phone, tablet, or other electronic device; and any recording (film, tape, videotape or other mechanical or electronic information). "Document" includes, but is not limited to, notes, memoranda, letters, emails, telegrams, circulars, releases, articles, reports, analyses, charts, account books, drafts, summaries, diaries, transcripts, agreements, contracts, deposit slips, bank statements, receipts, stock certificates and/or statements.

"Communication" refers to any face-to-face conversation, conversation by telephone or other means of communication, including by document, as defined above.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Identify when and from whom you purchased the Truck.

**INTERROGATORY NO. 2:**  Identify the  phone  number  of  all cellular  or  mobile phones used by you since February 1, 2020 for texting, emailing and messaging.

**INTERROGATORY NO. 3:**  Identify Billy Peters' cellular phone number.

**INTERROGATORY NO. 4:**  Identify all email accounts and email addresses that you have used for the sending or receipt of electronic messages since February 1, 2020.

**INTERROGATORY NO. 5:** Identify by serial number all computers, laptops, electronic notebooks, electronic notepads, or phones used by you since.

**INTERROGATORY NO. 6:** Identify all inspections, repairs or maintenance that you performed or had performed on the Truck.

**INTERROGATORY NO. 7:** If you do not affirmatively admit any of the requests for admissions served on you by Plaintiff, describe each and every fact that supports your denial.

**INTERROGATORY NO. 8:** Describe the factual basis for your affirmative defenses of waiver, estoppel and complete performance.

**INTERROGATORY NO. 9:** Describe the factual basis for your affirmative defenses of failure to mitigate and unjust enrichment.

**INTERROGATORY NO. 10:** Account for your profit in the sale of the Truck by identifying the amount that you paid for the truck, any expenses incurred in making the Truck ready for sale, the amount received from Plaintiff and any expenses associated with your sale of the Truck.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents regarding your purchase of the Truck.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents regarding the history of the Truck, including overhauls, rebuilds, repairs and conversions.

**REQUEST FOR PRODUCTION NO. 3:** Produce your entire file on the Truck.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents regarding inspections, repairs or maintenance that you performed or had performed on the Truck.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all texts, emails, messages or other correspondence that you sent to, or received from, Billy Peters regarding the Truck.

**REQUEST FOR PRODUCTION NO. 6:**  Produce all texts, emails, messages or other correspondence that you sent to, or received from, any third party regarding the Truck.

**REQUEST FOR PRODUCTION NO. 7:**  Produce all social media posts, advertisements, offers of sale, and communications with potential buyers regarding the Truck.

**REQUEST FOR PRODUCTION NO. 8:**  Produce your tax returns for the years 2015-2019 so that the court can determine your annual gross income based upon your highest gross annual income earned for any one of the five years immediately prior to February 2020.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**      Admit that your phone number is 620-640-0320.

**REQUEST FOR ADMISSION NO. 2:**      Admit that Billy Peters is your son.

**REQUEST FOR ADMISSION NO. 3:**      Admit that Billy Peters works for you.

**REQUEST FOR ADMISSION NO. 4:**      Admit that Billy Peters' phone number is 620-510-2323.

**REQUEST FOR ADMISSION NO. 5:**      Admit that you use Billy Peters' Facebook account to market and sell trucks that you are selling.

**REQUEST FOR ADMISSION NO. 6:**      Admit that Johnson explained to you that he was going to use the Truck for the commercial transportation of livestock.

**REQUEST FOR ADMISSION NO. 7:**      Admit that you told Johnson that the Truck's engine had recently been rebuilt.

**REQUEST FOR ADMISSION NO. 8:**    Admit that the Truck's engine had not been rebuilt.

**REQUEST FOR ADMISSION NO. 9:**    Admit that you told Johnson that the Truck had less than 150,000 miles on the rebuilt engine.

**REQUEST FOR ADMISSION NO. 10:**    Admit that Johnson asked you for the paperwork on the rebuilt engine.

**REQUEST FOR ADMISSION NO. 11:**    Admit that you promised Johnson that you would get him the paperwork on the rebuilt engine.

**REQUEST FOR ADMISSION NO. 12:**    Admit that after the service of this lawsuit on you, data relating to the Truck was deleted or erased from cellular phones that you have used since February 2020.

**REQUEST FOR ADMISSION NO. 13:**    Admit that after the service of this lawsuit on you, data relating to the Truck was deleted or erased from email accounts that you have used since February 2020.

*/s/Steven E. Ward*
Steven E. Ward Kan. #17066
McAfee & Taft A Professional Corporation
4050 South Fairview Avenue
Springfield, Missouri 65807
Telephone: (417) 409-6090
Telecopier: (417) 409-6055
steve.ward@mcafeetaft.com

and

Jeff L. Todd, Esq. *Admitted Pro Hac Vice*
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma  73102
(405) 235-9621
(40) 235-0439 (fax)

jeff.todd@mcafeetaft.com
ATTORNEYS FOR PLAINTIFF

**<u>Certificate of Service</u>**

I hereby certify that on November 18, 2020, the attached document was transmitted via electronic mail and first class mail to the following:

J. Scott Koksal
Lindner & Marquez
505 N. 6th
Garden City, KS 67846
(620) 275-9193
scott@lmandk.com
**Attorneys for Defendant**

*/s/Steven E. Ward*