IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAYDEN JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-1192-KGG |
| ABRAHAM PETERS, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER GRANTING MOTION FOR ATTORNEY FEES AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT

Now before the Court is Plaintiff's Motion to Hold Defendant and Defendant's Counsel in Contempt. (Doc. 48) Having reviewed the submissions of the parties, this Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion. Pursuant to Fed.R.Civ.P. 37(b)(2)(A), the Court finds entering default judgment against the Defendant to be a more appropriate sanction. The Court will have a hearing to determine the damages that Plaintiff is to be awarded.

## BACKGROUND

Plaintiff Jayden Johnson brings this claim against Defendant Abraham Peters asserting claims for breach of contract and fraud regarding the sale of a 2007 Peterbilt 397 truck ("Truck"). (*See generally* Doc 1.) This instant motion arises from Defendant's repeated failure to comply with Plaintiff's discovery requests and this Court's Orders. Plaintiff sought from Defendant: (i) a response to

1

Plaintiff's Interrogatories, (ii) Requests for Production, and (iii) Defendant's tax information. (*Id.*)

Plaintiff's Interrogatories sought information regarding where the truck was purchased, all repairs made to the truck, and all email addresses and phone numbers Defendant has had since February 1, 2020. ( Doc. 48, Ex. 1 at 4.) Plaintiff's Requests for Production sought all documents regarding the purchase of the truck, the history of the truck, any inspections or repairs performed on the truck, and all texts, emails, or messages sent to or received from Defendant's son regarding the truck. (*Id.*)

Defendant did not respond by the December 21, 2020 deadline, and on December 30, 2020 Plaintiff filed a motion to compel. (Doc. 19) On January 22, 2021, the Court entered an Order granting Plaintiff's Motion to Compel. (Doc. 23) Defendant did not comply with the Court's January 22, 2021 Order, and on February 22, 2021 Plaintiff filed a Notice of Non-Compliance with Order. (Doc. 32.)

Defendant's non-compliance was discussed at the April 13, 2021 Pretrial Conference. Following the Pretrial Conference, the Court entered an Agreed Order which provided:

> IT IS THEREFORE ORDERED that Defendant, Abraham Peters, shall serve written responses on Plaintiff's counsel that fully respond to Plaintiff's Interrogatories and Requests for Production, without

objection, pursuant to all applicable Federal Rules of Civil Procedure no later than May 20, 2021.

IT IS FURTHER ORDERED that Defendant, Abraham Peters, shall produce all documents responsive to Plaintiff's Requests for Production that are in his possession, custody or control no later than May 20, 2021.

IT IS FURTHER ORDERED that Defendant's counsel of record shall provide Plaintiff with a detailed certification regarding the methods and efforts utilized by Defendant to identify, locate and obtain all documents responsive to Plaintiff's Requests for Production no later than May 20, 2021.

(Doc. 45) Defendant failed to comply with the Agreed Order, and as a result, Plaintiff has not received the requested discovery responses from Defendant.

(Doc. 48, at 3.)

## ANALYSIS

### I. Legal Standard

Fed.R.Civ.P. 37(b) provides, in pertinent part, that

> [I]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * *
>
> > (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(vi)-(vii). If a party fails to comply with discovery requests, then the court may issue further just orders. **Duarte v. PPG Indus., Inc.**, No. 09-1366-JTM, 2011 WL 1097799, at *1 (D. Kan. 2011). Simply put, a party must comply with the discovery process to avoid sanctions. **Am. Power Chassis, Inc. v. Jones**, No. 13-4134-KHV, 2018 WL 4409434, at *8 (D. Kan. 2018) (holding that "[r]epeated failures to answer discovery requests . . . or obey court orders justify default judgment as a sanction under Rule 37(b)(2) and (d), Fed. R. Civ. P.") The Court will review five factors before imposing default judgment as a sanction under Fed.R.Civ.P. 37(b):

> (i) The degree of actual prejudice to plaintiff;
> (ii) The amount of interference with the judicial process;
> (iii) The culpability of the litigant;
> (iv) Whether the Court warned defendant in advance that default judgment would be a likely sanction for non-compliance; and
> (v) The efficacy of lesser sanctions.

**Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Federal Rule of Civil Procedure 37(b)(2)(C) governs when attorney's fees can be awarded and provides that:

> [I]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless

>the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

## II. Default Judgment

Plaintiff requests that this Court hold Defendant and Defendant's counsel in contempt. Plaintiff argues that this sanction is just because "[P]laintiff's rights [have been] substantially prejudiced by the failures of Defendant and Defendant's counsel to comply with this Court's Orders." (Doc. 48, at 1.) Plaintiff claims Defendant has failed to answer Plaintiff's Interrogatories and has failed to comply with the deadlines set by this court regarding the Motion to Compel and the Agreed Order. (*Id.*, at 2-3.)

Plaintiff asserts that Defendant should not be rewarded by his complete refusal to cooperate in discovery. (*Id.*, at 3.) Plaintiff states that contempt is appropriate because it would punish Defendant and his counsel and discourage discovery abuse. (*Id.*, at 7.)

Defendant responds that he believes he has fully answered Plaintiff's Interrogatories. (Doc. 59, at 2.) Defendant acknowledges that the Request for Admissions have been deemed admitted and that Defendant has not fully answered the Requests for Production of Documents. (*Id.*) Defendant's counsel asserts that he has requested those documents from his client and is hopeful that they will be delivered soon. (*Id.*) However, this assertion is contrary to this Court's previous

5

Order.  Defendant argues that Plaintiff has not been prejudiced by the missed requests for production of documents because "[t]here are simply none or very few to be delivered . . . that materially affect this case."  (*Id.*, at 3.)

Under Fed.R.Civ.P. 37(b), the Court may impose sanctions against a party who does not obey a Court order or does not provide discovery.  In this case, holding Defendant or his counsel in contempt would be an ineffective sanction.  As such, the Court will analyze each of the five factors to determine if entering default judgment would be appropriate.

The first factor, the degree of actual prejudice, weighs in favor of default judgment as a sanction against Defendant.  Plaintiff has been prejudiced by Defendant's failure to provide answers to Plaintiff's Interrogatories, to comply with Court Orders, and to provide Defendant's tax information.  **Federal Deposit Ins. Corp. v. Renda**, 126 F.R.D. 70, 73 (D. Kan. 1989) (holding that a plaintiff's ability to prepare for trial is prejudiced by a defendant's failure to produce requested documents.)

The second factor, the amount of interference with the judicial process, weighs in favor of default judgment as a sanction against Defendant.  Defendant's failure to comply with the Court's Orders, his abuse of the discovery process, and the significant delay that he has caused in this case warrants default judgment as a sanction against Defendant.  **Ehrenhaus**, 965 F.2d at 921 (10th Cir. 1992) (holding

6

that the district court cannot administer orderly justice if "[[t]he] [parties] could ignore court orders . . . without suffering the consequences. . . .")

The third factor, the culpability of the litigant, weighs in favor of default judgment as a sanction against Defendant. Defendant, even after filing his response to Plaintiff's Motion, has not identified why he has not complied with the Court's Orders. Defendant has filed several Motions requesting an extension of time to file a response, (*See* Doc. 51, 53, 55, and 57) but has still failed to provide this Court with a substantially justified reason for abusing the discovery process. ***Am. Power Chassis, Inc.***, 2018 WL 4409434, at *9 (this factor weighs in the movant parties favor when "it is clear that his noncompliance is willful and deliberate, and that he has no intention of complying with court discovery orders.")

The fourth factor, whether the Court has warned Defendant in advance that default judgment would be a likely sanction for non-compliance, weighs in Defendant's favor for not imposing default judgment as a sanction, as this Court has not warned Defendant that default judgment would be a likely sanction for his non-compliance[1]. The Court treats these factors as a balancing test, so while the

---

[1] The Tenth Circuit has held that a district court does not have an obligation to warn a party that default judgment is a possible sanction before entering a default judgment. ***Federal Deposit Ins. Corp. v. Daily***, 973 F.2d 1525, 1532 (10th Cir. 1992).

7

fourth factor does weigh in Defendant's favor, the other four factors outweigh the fourth factor and weigh in Plaintiff's favor.

The fifth factor, the efficacy of lesser sanctions, factor weighs in favor of default judgment as a sanction against defendant. The Court has reviewed Plaintiff's Motion requesting to hold Defendant and his counsel in contempt and has considered less severe sanctions that will still punish Defendant for his failure to cooperate with the discovery process. Additionally, the Court has provided Defendant several opportunities to provide the requested information by Plaintiff. (*See* Doc. 23, 45)

After reviewing these factors, the Court finds that default judgment under Fed.R.Civ.P. 37(b)(2)(C) is the appropriate sanction. Plaintiff's Motion to hold Defendant and his counsel in contempt is **DENIED**, but this Court will enter default judgment as a sanction.

### III. Attorney's Fees

Plaintiff requests that this Court award him all fees and costs incurred in pursuing discovery from Defendant. (Doc. 48, at 7.) Plaintiff states that they have "[u]nnecessarily incurred attorney's fees seeking discovery and orders on discovery in this case which have netted Plaintiff nothing." (*Id.*, at 6.) Plaintiff continues that Defendant has failed to comply with the Court's Order on Motion to Compel or the Agreed Order. (*Id.*) Plaintiff asserts that this Court has the inherent

authority to "fashion an appropriate sanction for conduct which abuses the judicial process." (*Id.* (citing **Goodyear Tire & Rubber Co. v. Haeger**, 137 S. Ct. 1178, 1186 (2017) (citation omitted)).)

Defendant, in its response, did not provide any reason why this Court should not impose sanctions or award attorney's fees to Plaintiff. (*See generally* Doc. 59) Defendant has not demonstrated that its failure to comply with the Court's Order on Motion to Compel or the Agreed Order was in good faith or substantially justified. Plaintiff's motion for reasonable fees incurred in bringing its motion (Doc. 48) is **GRANTED.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Hold Defendant and Defendant's Counsel in Contempt is **DENIED** in part and **GRANTED** in part**.** Plaintiff shall submit to the Court an application for attorney fees by no later than two weeks from the date of this Order. The parties shall follow the procedure in D. Kan. Rule 54.2, including the consultation requirement in Rule 54.2(a).

**IT IS FURTHER ORDERED** that Judgment of Default is entered on all of Plaintiff's claims against the Defendant. The Court will set a teleconference with counsel to schedule a hearing on the issue of damages.

**IT IS FURTHER ORDERED** that this case is set for a **telephone status conference** to discuss and schedule the pending hearing to determine Plaintiff's

damages). This telephone status conference will be held on **Monday, August 2, 2021, at 2:00 p.m.** Counsel are directed to call (888) 363-4749 and, when prompted, enter access code 5407703 as participants.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2021, at Wichita, Kansas.

                                 s/ KENNETH G. GALE
                                 HON. KENNETH G. GALE
                                 U.S. MAGISTRATE JUDGE