IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAYDEN JOHNSON, )
)
      Plaintiff, )
  v. ) Case No. 20-1192-KGG
)
ABRAHAM PETERS, )
)
      Defendant. )
_____)

# FINAL JUDGMENT

On September 21, 2021, this matter came on for trial before the Court with the Magistrate Judge presiding by consent. Plaintiff appeared in person and through his attorney Jeff L. Todd, appearing *pro hac vice*. Defendant appeared in person and through his attorney J. Scott Koksal.

Plaintiff presented his evidence and rested. Defendant rested. Counsel presented argument and, following the trial, the Court accepted and considered written supplemental authority and argument from counsel.

A.    Background of Case

Plaintiff brought this action alleging breach of warranty and fraud arising out of the purchase of a used semi-truck from Defendant. Specifically, Plaintiff alleged that Defendant falsely alleged that the truck has a re-built engine.

It is stipulated that the truck did not have a re-built engine. Further, the Court previously entered default judgment against Defendant on the warranty and

fraud claims as a sanction for failing to comply with discovery orders. Following that ruling, the parties entered into a stipulation waiving their rights to a jury trial. Plaintiff waived his claim for punitive damages. Therefore, the trial to the Court was limited to a determination of the damages to be awarded on Plaintiff's warranty and fraud claims.

B.  Findings of Fact

Plaintiff purchased a semi-truck from Defendant for $58,000.00, in part upon the representation that it had a re-built engine. This representation was untrue and Defendant knew it was untrue. (This finding is, in part, a consequence of the default ruling). Plaintiff intended to use the truck to haul cattle in a cattle trailer leased from Mr. Mercer, who also intended to provide Plaintiff hauling jobs. Plaintiff told Defendant he intended to use the vehicle to haul cattle.

The second time Plaintiff used the truck it broke down. The truck had repeated engine problems. Plaintiff spent $221.00 and then $1,848.08 on repairs. As problems continued, Plaintiff spent $8,423.66 on a partial engine rebuild after the vehicle broke down during a job and Mr. Mercer had to send another truck to rescue the load. Plaintiff decided that the truck was too unreliable and traded it in on another vehicle, receiving $27,000 in trade-in allowance after disclosing the repair history at the time of the trade.

As a result of the difficulties with the truck, Plaintiff lost the trailer-rental and contract assignment opportunity with Mr. Mercer, who testified that Plaintiff would have had additional jobs with that trailer if he had not had the problems. That trailer was leased to another hauler. For the remaining part of the year, approximately six months, that trailer earned the new hauler a gross amount of $217,362.67. After deducting lease and operating expenses and deducting replacement income Plaintiff earned with a new vehicle, Plaintiff would have netted $69,246.00 from operations through 2021.

C.   Conclusions of Law

Damages recoverable for breach of contract are limited to those which may fairly be considered as arising, in the usual course of things, from the breach, or as may be reasonably to have been within the contemplation of both parties as the probable result of the breach. ***Kansas State Bank v. Overseas Motosport, Inc.***, 222 Kan. 26, 27, 563 P.2d 414 (1977). See Pattern Instructions of Kansas 4th 124.16. Plaintiff is entitled to recover for fraudulent misrepresentation the difference between the value of what he received and the purchase price and pecuniary loss suffered otherwise as a consequence of his reliance upon the misrepresentation. RESTATEMENT (SECOND) OF TORTS §549; s*ee **Rinehart v. Morton Bldgs., Inc.*** 297 Kan. 926, 305 P.2d 622 (2013) (Kansas has adopted the Restatement (Second) of Torts as Kansas law).

The damages claimed by Plaintiff are all within these definitions. The damages are not speculative or remote. As for the six months of lost profits, Defendant not only specifically knew Plaintiff intended to use the trailer to haul cattle for profit, but even without that specific knowledge that intent is inherent in this transaction. Plaintiff reasonably mitigated those damages, which have been proven with reasonable certainty. Plaintiff is entitled to the full costs of repair, the lost profits caused by the breach and the fraud, and the lost value of the vehicle realized upon resale.

**JUDGMENT IS HEREBY ENTERED** on behalf of Plaintiff Jayden Johnson and against Defendant Abraham Peters in the amount of one-hundred ten thousand, seven-hundred thirty-eight dollars and no/100 cents ($110,738.00) plus the costs of this action. **This case is now closed.**

Dated this 12th day of October, 2021.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge